ERVIN, Justice
(concurring specially) :
In this petition for an original writ of mandamus a citizen seeks judicial review and specific mandatory requirements respecting the use of privately donated funds received or to be received by the Governor to pay for the services of a private security and detective agency, the George Wacken-hut Corporation, in conducting investiga *332 tions for the Governor into alleged racketeering and official corruption in the State. Serious questions concerning the legality of the Governor’s action in engaging a private detective agency corporation for such investigative purposes are implicit in the set-up. However, the specific mandamus redress sought in the petition is restricted to the fiscal aspects of the program.
The Governor is authorized by F.S. Section 14.06, F.S.A.,
“ * * * to employ such persons as may be required from time to time to make such investigations as may, in the judgment of the governor, be necessary or expedient to efficiently conduct the affairs of the state government * *
This language is sufficiently broad to warrant the employment by the Governor of persons to investigate suspected racketeers, criminals and corruption in the State because it stands to reason the affairs of the State cannot be conducted “efficiently” in a climate of crime and corruption. Any payment for the services of such investigators by the Governor must come from available funds contingent or otherwise, which already have been duly appropriated for the use of the Governor by the Legislature, or which are otherwise authorized by law for his official use. Those in the second alternative may come from legitimate private fund donations made available to the Governor provided such donations are first approved by the State Budget Commission and placed in a trust fund in the State Treasury.
It is elementary that neither the State nor a public officer may accept donations of private funds or expend the same except as may be duly authorized by law. However, it has long been the policy of the State, reflected in our laws and departmental interpretations thereof, to accept gifts of private funds for proper state purposes provided the same are freely given and are uncontrolled by their donors and do not present conflicts of interests or further special interests. Specifically, F.S. Section 215.32(2) (b), F.S.A., authorizes the Budget Commission to approve the establishment “of any trust fund it deems necessary to preserve the integrity of any moneys received or collected by a state agency for a specific use or purpose authorized by law.” Section 215.31 requires that all revenues from whatever source received by each and every state official be promptly deposited in the State Treasury and immediately credited to the appropriate fund (in this case a trust fund), properly accounted for by the Comptroller as to source, and no money shall be paid from the State Treasury except as provided by law. State funds are disbursed by warrants, as provided by the State Constitution and laws. See, particularly, F.S. Section 215.35, F.S.A.
Such trust fund would be subject to such reasonable regulations that the Commission in its sound discretion prescribes to safeguard and insure that such donated funds are used in keeping with F.S. Section 14.06, F.S.A., for a proper state purpose. Such trust fund, similar to other funds in the State Treasury, would be subject to public scrutiny as to source and to the auditing and accounting requirements that are required by law for all state funds and could only be disbursed by state warrants, similarly as other expenditures from the State Treasury are made.
Judicial notice should be taken of the fact that the Governor has applied to the Budget Commission for the establishment of such a trust fund to receive such donations. It is not alleged that the Governor has expended any funds donated to date for such investigative purposes pending action of the Budget Commission. It would be premature and unseemly to issue a writ of mandamus herein while said application *333 pends before the Budget Commission. Other questions, including whether the Governor alone may be named as respondent in a mandamus action need not be decided at this juncture. The writ sought herein should be denied without prejudice to the filing of a subsequent petition after disposition of the said application by the State Budget Commission as petitioner then may advised inasmuch as such disposition may render moot the fiscal aspects of said donated funds,
CALDWELL, J., concurs.